# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ELWOOD H. JONES,

        Petitioner,    :    Case No. 1:17-cv-029

  - vs -        District Judge Walter Herbert Rice
                Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional Institution,

                      :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Elwood Jones filed this habeas corpus case pursuant to 28 U.S.C. § 2254 on January 11, 2017 (ECF No. 1).  The Petition relates to his conviction and sentence of death in Hamilton County Common Pleas Case No. B950578 on January 9, 1997. *Id.* at PageID 2, ¶ 2. As Jones discloses at ¶ 14, this is his third-in-time habeas application attacking his capital conviction. See Cases No. 1:01-cv-564 and 1:14-cv-440.

The Petition claims that it is timely because it is filed "within one year of the Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), which was not decided until January 12, 2016.  For the same reason, this petition is also not second or successive." *Id.* at PageID 14, ¶ 18.  In the Supplement to the Petition, Jones argues his application is not second-or-successive on analogy to *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007), and arguing that, since he could not have raised this claim in his initial petition, it was not an "abuse of the writ" to do it now (ECF No. 2, PageID 54-55).

1

A District Court presented with a second (or in this case third) in time petition is obliged to determine whether the petition is second-or-successive. *In re Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). A district court lacks jurisdiction to consider a second or successive petition on the merits without approval by the circuit court. *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). Therefore, if it finds a petition is second or successive, it must transfer the case to the circuit court for the petitioner to obtain permission to proceed. *In re Sims*, 111 F.3d 45 (6th Cir. 1997). It would be error for the District Court, for example, to dismiss the petition for failure to state a claim or even for lack of jurisdiction because the petitioner did not first obtain permission to file from the circuit court. *Moreland v. Robinson*, 813 F.3d 315 (6th Cir. 2016).

In attempted obedience to this circuit precedent, the Magistrate Judge found the instant Third Petition was second-or-successive and transferred the case to the Sixth Circuit (ECF No. 3). The Sixth Circuit then opened its Case No. 17-3066 and docketed the Transfer Order (Case No. 17-3066 App., ECF No. 2). In what the circuit docket calls a "Ruling Letter," Petitioner's counsel was directed to "satisfy certain obligations under Sixth Circuit Rule 22," to wit "You must complete and return to the Clerk's office the application form no later than February 22, 2017. If you do not electronically file the form or attach the documents required, this proceeding may be dismissed." (Case No. 17-3066 App., ECF No. 4.)

Jones' counsel did not file the second or successive petition form, but moved to "voluntarily dismiss" under Fed. R. App. P. 42(b)(Case No. 17-3066 App., ECF No. 9). The circuit court then entered an order, signed by its Clerk as "by order of the Court," which states "Upon consideration of the Movant's motion to voluntarily dismiss the appeal herein pursuant to Rule 42(b), Federal Rules of Appellate Procedure, it is ordered that the motion is granted and the

2

appeal is dismissed."

The Transfer Order, when docketed in the Court of Appeals, transferred jurisdiction to that court. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015). Now that the appellate proceeding has been dismissed, jurisdiction is returned to this Court. The Court therefore has a pending second-or-successive habeas application without permission of the circuit court to proceed. Under those circumstances, it is respectfully recommended that the Petition herein be dismissed for lack of jurisdiction.

March 2, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).